HOBSON, Judge.
Petitioner seeks a writ of certiorari to review an interlocutory order in a common law action denying petitioner’s motion to require answers upon certification to certain questions asked deponent in his deposition.
Respondent Meis instituted an action against petitioner and the other respondents for malpractice. The deponent, Dr. Pittman, was Meis’ treating physician. Before Dr. Pittman’s deposition was taken, Meis’ counsel held a conference with him and elicited his opinion as to whether Meis had received the proper standard of care in the community by petitioner. A charge of-$80 was made by Dr. Pittman for this conference.
The questions certified by petitioner’s counsel seeks to elicit from Dr. Pittman, using a hypothetical question, his opinion as to whether or not petitioner violated the standard of care in the community. The lower court held, in effect, that this information was protected by the work product rule, citing Carlson v. Pinellas County, Fla.App.1969, 227 So.2d 703, as modified in 242 So.2d 714.
In Shell v. State Road Department, Fla.1961, 135 So.2d 857, the Supreme Court recognized that interlocutory orders at common law are reviewable by certiorari when it is clearly apparent that there has been a departure from the essential requirements of law and that the petitioner does not have a full and adequate remedy by appeal after final judgment. Wolf v. Industrial Supply Corporation, Fla.1952, 62 So.2d 30.
Petitioner has failed to meet the jurisdictional requisites outlined in Wolf and Shell, supra.
The petition for writ of certiorari is hereby
Denied.
LILIES, Acting C. J., and BOARD-MAN, J., concur.